

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,442-01

### EX PARTE JESSE DAVID FREEMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W-25892C-1 IN THE 251ST DISTRICT COURT
### FROM RANDALL COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized possession of a firearm by a felon and sentenced to twenty-five years' imprisonment.

Applicant contends that he was denied his right to appeal because, despite Applicant's expression on the record that he wanted to appeal, and despite the trial court's appointment of counsel to represent him on appeal and certification that he had the right to appeal, no timely notice of appeal was filed, either by trial counsel or appellate counsel.

Appellate counsel (who filed this application on Applicant's behalf) states that upon

receiving the appointment document, he mistakenly believed that trial counsel had timely filed notice of appeal. By the time appellate counsel became aware that no formal notice of appeal had been filed, the deadline for filing notice of appeal had passed, and the appeal was dismissed for want of jurisdiction. *Freeman v. State*, No. 07-16-00049-CR (Tex. App. — Amarillo, February 22, 2016) (not designated for publication).

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 25,892-C from the 251st District Court of Randall County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 14, 2016
Do not publish